UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HANEEF SHAKEEL JACKSONBEY,

v. CASE NO. 5:25-cv-379-SDM-PRL

UNITED STATES OF AMERICA,
_____________________________________/

**ORDER**

Jacksonbey sues (Doc. 10) the United States under the Federal Tort Claims Act (FTCA). Jacksonbey proceeds *in forma pauperis*. (Doc. 7) The Prison Litigation Reform Act, 28 U.S.C. § 1915(e), requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."

"In the FTCA, Congress authorized a limited waiver of sovereign immunity[.]" *Martinez v. Minnis*, 257 Fed. Appx. 261, 263–64 (11th Cir. 2007) (citing *Means v. United States*, 176 F.3d 1376, 1378–79 (11th Cir. 1999)). The limited waiver of sovereign immunity applies when federal employees, acting within the scope of their employment, commit a tort as defined by the law of the state in which the tort occurred. 28 U.S.C. § 1346(b)(1); *Smith v. United States*, 14 F.4th 1228, 1232 (11th Cir. 2021) (citations omitted) ("If a plaintiff fails to establish [a] state-law duty, or any of Section 1346(b)(1)'s other jurisdictional elements, the United States retains its sovereign immunity and the suit cannot go forward.").

The January 28, 2026, order (Doc. 8) dismissed the complaint without prejudice because Jacksonbey's allegations were too vague and he did not identify which torts the United States' employees committed. In an amended complaint (Doc. 10), Jacksonbey maintains that this is an FTCA action and that his "federal statutory rights" were violated and alleges more specific facts but again, fails to identify his tort claims against the United States. Jacksonbey's complaint must include "a short and plain statement of [his] claim[s.]" *See* Fed. R. Civ. P. 8(a)(2). Accordingly, Jacksonbey must amend the complaint to set forth each tort claim—for example, battery or negligence—he intends to bring against the United States. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

The amended complaint (Doc. 10) is **DISMISSED WITHOUT PREJUDICE** to Jacksonbey's filing a second amended complaint. Failure to file a second amended complaint within **THIRTY DAYS** will result in the dismissal of this action without further notice. **THE CLERK** must send to Jacksonbey a *pro se* one complaint form. If necessary, Jacksonbey can attach additional pages to the form as needed to sufficiently allege his claims.

**ORDERED** in Tampa, Florida on August 20, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE